## STATE ex DILLIAN v LOOKER et

Ohio Appeals, 9th Dist, Summit Co

No 2288. Decided June 30, 1933

C. E. Crafts, Akron, for plaintiff.

Ray B. Walters, Prosecuting Atty., Akron, and C. B. MacDonald, Asst. Prosecuting Atty., Akron, for defendants.

## OPINION

By STEVENS, J.

The application for a writ of mandamus raises the following questions:

1. Is there a duty imposed upon the respondents?

2. Is the duty ministerial in its character?

3. Has the relator a legal right to the redress to which the discharge of such duty is necessary?

4. Has he no other and sufficient remedy?

5. Are the circumstances of the particular case such as will call forth the action of the court?

Sec 2993, GC, fixes the salary of the clerk of courts, and the amount in the instant case is not in dispute.

Sec 2989 GC provides when, how, and from what fund said salary shall be paid.

Sec 5625-29 GC requires the county commissioners to make appropriations from the funds of the county for the purposes enumerated therein.

Sec 5625-32 GC prohibits the county commissioners from reducing any appropriation below an amount sufficient to cover all unliquidated obligations certified from or against the appropriation.

It is conceded that the appropriation originally made by the respondents was in an amount sufficient to pay relator's salary in full for the year, and that thereafter said appropriation was reduced to such an extent that the balance remaining was insufficient to pay said salary.

It is apparent from the statutes cited above that there was, and is, an express requirement upon the county commissioners to appropriate a sufficient amount of money to pay said salary in full, and that the action of said commissioners in reducing said appropriation, as originally made, to the extent that there remained an amount inadequate to pay relator's statutory salary, was unlawful. The first question raised, as above set forth, is therefore answered in the affirmative.

The second question likewise is answered in the affirmative, for there is, under the law, no discretion vested in the county commissioners with respect to statutory salaries, except to appropriate an amount sufficient to pay said salaries in full, and accordingly such act is purely ministerial in its character.

State ex Trauger v Nash, 66 Oh St 612.

State ex Watkins v Donahey, 110 Oh St 494, at p. 500.

Under the facts as disclosed by the evidence, there can be no question but that relator is entitled to have his salary paid, and in full, and therefore the third question is also answered in the affirmative.

The fourth question presented is answered by the Supreme Court of this state in the case of Brissel et v State ex, 87 Oh St 154, at p. 172, where the court said:

"Where the remedy sought is the performance of a public duty, by a public board, and an action at law will not enforce the performance of such duty, it is not an adequate remedy. The duty of a public board to appropriate money or to levy such tax as may be necessary to meet legal obligations, is such a duty as may be enforced by mandamus."

The fifth question calls for a conclusion from this court that the facts in the instant case are such as to warrant the issuance of this extraordinary writ, and we arrive at the conclusion that they do so warrant, without any hesitancy.

25 O. J., "Mandamus," §142, page 1105.

"For mandamus to issue, there must be compensation allowed by statute."

Ibid., §142, page 1107.

The first defense of respondents is not sustained by the evidence, which shows conclusively that there were in the county treasury sufficient funds, unappropriated for any other purpose, to pay relator's claim in full. However, it is immaterial whether there were funds there or not.

"The duty of a public board to appropriate money, or to levy such tax as may be necessary to meet the legal obligations, is one which may be enforced by mandamus."

Ibid., §86, page 1057.

Upon the second defense set up by respondents, we are of the opinion that the claim of the county being unliquidated, it cannot be considered by this court in this action.

Respondents' third defense we deem to be without merit. This action was instituted against the county commissioners as officials and not as individuals, and the office of county commissioner is a continuing one, which will, in all probability, continue long after these respondents have passed into the limbo of forgotten things.

"2. An action against a county treasurer for the purpose of enjoining the collection of taxes, is in its nature against the office, rather than against the person filling such office. In case of a change of incumbent, the action may proceed as commenced, or the new treasurer may be substituted."

Pittsburgh, etc., Ry. Co. v Martin, Treas., 53 Oh St 386.

The contention has also been made by respondents that this action is prematurely brought, having been filed upon December 28, 1932, and relator's December salary not being payable until January 2, 1933.

The evidence herein discloses notice to relator from the county commissioners that they would not appropriate any sum with which to pay relator's statutory salary, and we deem this refusal on the part of the commissioners to have justified the relator in immediately bringing suit against commissioners, and accordingly said suit was not prematurely brought.

In view of the foregoing, we hold that relator is entitled to a writ of mandamus against the respondent county commissioners, requiring them to appropriate sufficient funds to pay relator's statutory salary in full, and against respondent county auditor, requiring him to issue his warrant for the payment of said salary, after the same has been appropriated by said commissioners.

Decree accordingly.

POLLOCK, J (7th Dist, sitting by designation in place of WASHBURN, PJ), and FUNK, J, concur in judgment.